IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. DILLON


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

TRACY DILLON, APPELLANT.


Filed December 14, 2021.    No. A-21-405.


Appeal from the District Court for Scotts Bluff County: ANDREA D. MILLER, Judge. Affirmed.

Leonard G. Tabor for appellant.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.


MOORE, BISHOP, and ARTERBURN, Judges.

MOORE, Judge.

### INTRODUCTION

Tracy Dillon appeals his conviction and sentence in the district court for Scotts Bluff County for third degree domestic assault and obstructing a peace officer. He argues that there was insufficient evidence for his domestic assault conviction and that the sentence imposed was excessive. Dillon also assigns that his trial counsel provided ineffective assistance. We affirm.

### STATEMENT OF FACTS

*Pretrial Proceedings.*

On October 20, 2020, the State filed an initial information in the Scotts Bluff County District Court charging Dillon with count I, third degree domestic assault, second or subsequent offense, in violation of Neb. Rev. Stat. § 28-323 (Reissue 2016), a Class IIIA felony; and count II, obstructing a peace officer in violation of Neb. Rev. Stat. § 28-906 (Reissue 2016), a Class I

- 1 -

misdemeanor. Dillon pled not guilty to both counts. The State subsequently filed an amended information, adding a third count of assault by strangulation or suffocation in violation of Neb. Rev. Stat. § 28-310.01 (Cum. Supp. 2020), a Class IIIA felony. Dillon again pled not guilty to all charges in the amended information.

*Trial.*

A jury trial was held on March 10, 2021. Dillon's wife and the officer who was dispatched to the scene of the alleged assault testified.

Dillon's wife testified that in October 2020, she and Dillon were drinking in their apartment. As Dillon continued drinking throughout the day, he became increasingly "rude and obnoxious" and began cursing at his wife and calling her names. At one point Dillon exited the bedroom and approached his wife in the living room. Dillon's wife testified that as he approached her, he was cursing and his face was flushed. Dillon then grabbed his wife's jaw and squeezed it. Dillon's wife stated that this action caused her pain. Dillon's hand then moved down his wife's neck where he applied pressure for 1 or 2 minutes, causing his wife to have trouble breathing. Dillon's wife called the police who arrived on the scene shortly.

Dillon's wife testified that she was so scared she "blacked out" and could not remember whether she told the police that Dillon had squeezed her neck. Footage from the officer's body camera was played for Dillon's wife outside the view of the jury in an effort to refresh her recollection of her interaction with the officer. Dillon's wife then reiterated that Dillon had grabbed her by the jaw, but testified that she responded "no" when asked by the officer at the scene whether Dillon grabbed her by the neck. However, Dillon's wife again testified that Dillon had squeezed both her jaw and her neck.

The officer then testified that he responded to a reported domestic disturbance on the evening of October 2, 2020. Upon approaching the residence, the officer could hear a male voice yelling inside and observed Dillon acting aggressively. The officer then entered the residence and followed Dillon into the bedroom to make contact with him.

Once in the bedroom Dillon was "angry," "confrontational," and did not obey the officer. Dillon refused to be handcuffed and attempted to leave the bedroom, resulting in a struggle between Dillon and the officer. The officer had to physically force Dillon's hands behind his back in order to secure the handcuffs. At this point in the trial, the officer's body camera footage was played for the jury.

The officer also testified that he did not observe any red marks on Dillon's wife's jaw, neck, or throat when he interviewed her. He described her demeanor as "pretty calm."

Following the officer's testimony, the State rested. Dillon rested without presenting any evidence. The case was then submitted to the jury.

*Deliberation, Verdict, and Posttrial Proceedings.*

After 31 minutes of deliberation, the jury found Dillon guilty of count I (third degree domestic assault) and count II (obstructing a peace officer). The jury found Dillon not guilty of count III, assault by strangulation or suffocation.

An enhancement and sentencing hearing was held on May 6, 2021. The State offered evidence that Dillon had previously been convicted of third degree domestic assault in 2007. The

district court noted that because Dillon was represented at all critical stages of the proceedings, the 2007 conviction was a valid prior offense for purposes of enhancing count I. The court found that count I should be sentenced as a second offense, and thus a Class IIIA felony.

The district court then sentenced Dillon to consecutive sentences of 364 days' imprisonment and 9 months' post-release supervision for third degree domestic assault, second or subsequent offense, and to 365 days' imprisonment for obstructing a peace officer. Dillon was credited with 217 days for time previously served.

Dillon appeals.

ASSIGNMENTS OF ERROR

Dillon assigns, restated, that (1) there was insufficient evidence to support his conviction, (2) the district court imposed an excessive sentence, and (3) he received ineffective assistance of trial counsel.

STANDARD OF REVIEW

In reviewing a criminal conviction for a sufficiency of the evidence claim, whether the evidence is direct, circumstantial, or a combination thereof, the standard is the same: an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence, and such matters are for the finder of fact. *State v. Figures*, 308 Neb. 801, 957 N.W.2d 161 (2021). The relevant question for an appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id*. An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). Abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019).

ANALYSIS

*Sufficiency of Evidence.*

Dillon claims that the evidence was not sufficient to support his conviction. While Dillon was convicted of both third degree domestic assault and obstructing a peace officer, he argues only with regard to his conviction for third degree domestic assault. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *State v. Britt*, 310 Neb. 69, 963 N.W.2d 533 (2021). Therefore, we only address the sufficiency of evidence related to Dillon's conviction for third degree domestic assault.

The jury convicted Dillon of third degree domestic assault. Section 28-323 provides, in relevant part:

> (1) A person commits the offense of domestic assault in the third degree if he or she:

(a) Intentionally and knowingly causes bodily injury to his or her intimate partner;

(b) Threatens an intimate partner with imminent bodily injury; or

(c) Threatens an intimate partner in a menacing manner.

Additionally, the jury instructions provided to the jury in Dillon's case note that under § 28-323, the elements described in 1(a), 1(b), and 1(c) are alternate elements in a single offense. Thus, the jury did not have to agree unanimously on whether Dillon caused bodily injury to his wife, threatened his wife with imminent bodily injury, or threatened his wife in a menacing manner, so long as the jury agreed unanimously that the State had established any combination of the elements described in 1(a), or 1(b), or 1(c) beyond a reasonable doubt.

As we have set forth previously, testimony at trial indicated that Dillon was agitated when he grabbed and squeezed his wife's jaw, causing her pain. Taking the record before us in the light most favorable to the prosecution, a rational fact finder could have found Dillon guilty of third degree domestic assault beyond a reasonable doubt. See *State v. Figures, supra*.

Dillon claims that his wife's testimony was "incomprehensible" and "evasive," noting that his wife testified to blacking out and was unable to remember everything from the evening of October 2, 2020. Brief for appellant at 14. Dillon also notes that the officer testified that he did not observe any red marks on Dillon's wife's jaw, neck, or throat, and that his wife was fairly calm. Dillon argues that these observations contribute to "straining [his wife's] credibility [sic]." Brief for appellant at 15.

As precedent makes clear, reviewing the credibility of testimony is not the province of this court. See *State v. Figures, supra* (appellate court does not resolve conflicts in evidence, pass on credibility of witnesses, or reweigh evidence; such matters are for finder of fact). The evidence was sufficient to support the jury's determination that Dillon committed the offense of third degree domestic assault.

*Excessive Sentence.*

Dillon further claims that the district court imposed excessive sentences. Dillon was convicted of one count of third degree domestic assault, second or subsequent offense, a Class IIIA felony, pursuant to § 28-323(4); and one count of obstructing a peace officer, a Class I misdemeanor, pursuant to § 28-906(3). A Class IIIA felony is punishable by a maximum of 3 years' imprisonment and 18 months' post-release supervision, a $10,000 fine, or both; there is no minimum term of imprisonment, but there is a minimum of 9 months' post-release supervision if imprisonment is imposed. See Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2020). A Class I misdemeanor is punishable by a maximum of not more than 1 year's imprisonment, or $1,000 fine, or both; there is no minimum term of imprisonment. See Neb. Rev. Stat. § 28-106(1) (Reissue 2016).

The district court sentenced Dillon to 364 days' imprisonment and 9 months' post-release supervision for count I, third degree domestic assault, with credit for 217 days previously served. It sentenced him to 365 days' imprisonment for count II, obstructing a peace officer. The court ordered that the sentence for count II was to be served consecutively to the sentence for count I. Dillon's sentences are within the statutory ranges, as he acknowledges. We next consider whether the district court abused its discretion in the sentences ordered.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the crime. *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020). The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Dillon was 62 years old at the time of sentencing. His criminal history includes multiple assault-related charges: third degree domestic assault (amended to attempt of a Class I misdemeanor) in 2006 (1 day's imprisonment and 120 days' probation); third degree domestic assault in April 2007 (9 days' imprisonment and $500 fine); third degree domestic assault in August 2007 (30 days' imprisonment); and terroristic threats (amended to assault) in 2018 (120 days' imprisonment). Dillon's record also includes multiple fines for disturbing the peace, obstructing a peace officer, and resisting arrest.

A "Level of Service/Case Management Inventory" assessed Dillon overall as having a "high risk" to reoffend. Dillon scored "very high risk" in the criminogenic risk factor domain for family/marital. He scored "high risk" in the domains for leisure/recreation and alcohol/drug problems. He scored "medium" in the domains of criminal history, companions, procriminal attitude, and antisocial pattern. The only domain which Dillon scored "very low" was education/employment. Dillon was also administered a Substance Abuse Questionnaire. Dillon's truthfulness score was "low risk"; but he scored "medium risk" in stress coping, and "high risk" in alcohol, drugs, violence, antisocial behavior, and aggressiveness.

The district court stated that it had reviewed the presentence investigation report and considered the sentencing factors relevant to the facts of this case. The court noted that Dillon "shows no remorse for his actions, takes no responsibility for this situation or really any of his past situations in his life" and further concluded that Dillon's "lack of accountability" was a key factor in the court's sentencing decision. The court then proceeded to sentence Dillon as set forth previously.

In his brief, Dillon details many mitigating factors; such as his need for mental health and substance abuse counseling, and a history of abuse within his family. All of these mitigating factors were included in the presentence investigation report and reviewed by the district court.

Having considered the record and the relevant factors in this case, we cannot say that the district court abused its discretion in sentencing Dillon. See *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020) (sentence imposed within statutory limits will not be disturbed on appeal absent abuse of discretion by trial court).

*Ineffective Assistance of Counsel.*

Dillon assigns that he received ineffective assistance of counsel at trial. This assignment of error, however, fails to specifically allege deficient performance by trial counsel, as required by our appellate case law. See *State v. Mrza*, 302 Neb. 931, 926 N.W.2d 79 (2019). Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of

such specificity and will not synthesize a specific assignment from the argument section of the brief of the party asserting the error. *Id*.

Because Dillon failed to identify counsel's alleged deficiency in his assigned error, we decline to address his claim.

## CONCLUSION

For the reasons set forth above, we affirm Dillon's conviction and sentence.

AFFIRMED.